UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

DENNIS JOSEPH KENNEDY
RUTH ANN KENNEDY

DEBTORS                                              CASE NO. 08-20778


RICHARD FRANKENFIELD;
FRANKENFIELD ENTERPRISES, INC.
d/b/a Contrax Concrete Pumping                       PLAINTIFFS


VS.                                                  ADV. NO. 08-2030


DENNIS JOSEPH KENNEDY
RUTH ANN KENNEDY                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on the question of whether an advance made by the Plaintiffs on a purchase of real property constitutes a lien, and whether the Defendants' subsequent disposition of that property to a third party is a willful and malicious injury to the property of another under the meaning of Bankruptcy Code section 523(a)(6), thereby rendering the debt nondischargeable.  This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(I).

1.   Factual and procedural background

The Defendants filed their Chapter 7 petition in this court on April 24, 2008.  The parties have entered into joint stipulations which include, in pertinent part, the following:

1

9.   On April 15, 2005 Plaintiff Richard Frankenfield and Defendants Denny and Ruth Kennedy executed a purchase agreement, whereby Defendants agreed to convey 1459 Elijah Creek Road, Hebron, Kentucky to Plaintiffs upon receipt of $415,000.00.

10.  The April 15, 2005 purchase agreement between the parties contained no liquidated damages clause, or good-faith/earnest money requirement.

11.  In June, 2005, Denny Kennedy approached Richard Frankenfield and requested immediate payment of a portion of the $415,000.00 purchase price.

12.  On June 20, 2005, Richard Frankenfield gave a check to Denny Kennedy in the amount of $200,000.00, towards the $415,000.00 purchase price, with the promise to convey 1459 Elijah Creek Road to Richard Frankenfield.

13.  On June 20, 2005, Richard Frankenfield endorsed a $200,000.00 check to Denny and Ruth Kennedy and on the check wrote 'lien on 1459 Elijah Creek Road, Hebron, Ky.'

14.  The check payment itself conspicuously contained the words 'Lien on 1459 Elijah Creek Road, Hebron, Ky.' when Defendant Denny Kennedy received the check.

15.  Denny Kennedy placed his initials upon the $200,000.00 check, next to the aforementioned lien statement, immediately upon receipt.

16.  Upon acceptance fo the $200,000.00, Plaintiffs and Defendants did not agree to any time limitation for Frankenfield Enterprises to pay the balance of the $415,000.00 for 1459 Elijah Creek Road.

17.  Defendants paid bills with the $200,000.00, spending $166,000.00 of the $200,000.00 within thirty (30)days of receipt.

18.  1459 Elijah Creek Road Hebron, Kentucky was never conveyed to any of the Plaintiffs.

19.  Defendants never repaid the $200,000.00 to Plaintiffs.

20.  On May 17, 2006, Defendants conveyed 1459 Elijah Creek Road to Elijah Creek Land Company, LLC for $200,000.00.

21.  At no time did Denny and/or Ruth Kennedy advise Plaintiffs that they were trying to sell 1459 Elijah Creek Road to a third party.

22.  Defendants were aware of Plaintiffs' $200,000.00

    payment towards the purchase of 1459 Elijah Creek Road at the time of the March (sic) 17, 2006 sale to Elijah Creek Land Company.

    23. On May 17, 2006, Denny and Ruth Kennedy warranted, in a Seller's Affidavit, to buyer Elijah Creek Land Company, LLC that: (1) 1459 Elijah Creek Road contained only one lien, in favor of the Bank of Kentucky, and (2) 1459 Elijah Creek Road was subject to no unrecorded land contracts and/or contracts of sale.

    24. Elijah Creek Land Company, LLC relied upon the aforementioned Seller's Affidavit when purchasing 1459 Elijah Creek Road.

    25. On June 15, 2007, Plaintiffs filed suit in Boone County, Kentucky Circuit Court on the basis of breach of contract, unjust enrichment, fraud and conversion.

    26. Defendants opposed Plaintiffs' Motion for Summary Judgment in Boone County, Kentucky Circuit Court.

    27. On January 29, 2008, the Boone County, Kentucky Circuit Court granted Plaintiffs' Motion for Summary Judgment and awarded Plaintiffs $200,000.00, plus pre and post-judgment interest.

    28. On April 14, 2008, the Boone County, Kentucky Circuit Court awarded Plaintiffs attorney's fees in connection with the aforementioned Judgment.

    29. Defendants failed to appeal the Judgment of the Boone County, Kentucky Circuit Court.

The Plaintiffs filed their Motion for Summary Judgment in this matter on September 4, 2008. The Defendants filed a Response and their own Motion for Summary Judgment on September 13, 2008. A hearing was conducted on October 16, 2008, and on October 23, 2008, the court entered an order which overruled the Defendants' Motion for Summary Judgment, overruled in part the Plaintiffs' Motion for Summary Judgment on the basis of Code section 523(a)(2), and reserved ruling on the portion of the Plaintiffs' Motion for Summary Judgment that contends that the debt of the Defendants is nondischargeable pursuant to Code section 523(a)(6). The parties have filed memoranda on this

issue, and it is now before the court for decision.

    2.    <u>Discussion</u>

        a.    <u>The summary judgment standard</u>

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and

*Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

    b.   <u>Nondischargeable debt pursuant to section 523(a)(6)</u>

A debt may be found to be nondischargeable if it is "for willful and malicious injury to another entity or the property of another entity." 11 U.S.C. § 523(a)(6). Conversion, in Kentucky the wrongful exercise of dominion and control over the property of another, may be considered a willful and malicious injury. *Call Federal Credit Union v. Sweeney (In re Sweeney)*, 264 B.R. 866 (Bankr. W.D. Ky. 2001). The standard for determining such an injury has been articulated by the United States Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974 (1998). Only a debt resulting from a "deliberate and intentional injury" will be excepted from discharge under section 523(a)(6). *Id.* at 61, 118 S. Ct. at 977. Further, "[o]nly acts done with the intent to cause injury–and not merely acts done intentionally–can cause willful and malicious injury." *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999). The *Markowitz* court went on to say that "unless the actor desires to cause the consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a willful and malicious injury as defined under § 523(a)(6)." *Id.* at 464 (internal citation and quotation omitted).

As to how the "willful" and "malicious" prongs of section 523(a)(6) are to be treated:

    The Sixth Circuit has adopted an integrated test. . . . In

>   this Circuit, under *Markowitz*, the creditor must demonstrate
>   that the Debtor either (1) intended to cause injury to the
>   Creditor or to the Creditor's property, or (2) engaged in an
>   intentional act from which the Debtor believed injury would
>   be substantially certain to result. . . .
>   . . . .
>   [M]any courts have determined, post *Geiger*, that the
>   conversion of a secured Creditor's collateral is willful and
>   malicious when the facts establish that the Debtor had the
>   requisite intent (whether objective or subjective) to injure
>   the Creditor.
>   . . . .
>   Following *Geiger* and *Markowitz*, courts in the Circuit have
>   likewise found debts non-dischargeable where the Debtor has
>   converted a secured creditor's collateral with either an
>   intent to cause injury or where the Debtor believed there
>   was a substantial certainty of injury. . . .
>   . . . .
>   Since a Debtor in a § 523(a)(6) case is unlikely to admit
>   that he or she intended to cause injury, or that he or she
>   was substantially certain that injury would result, this
>   state of mind can be established through circumstantial
>   evidence.

*In re Sweeney*, 264 B.R. at 871-72 (internal citations omitted).

The Plaintiffs maintain that they had an equitable lien upon the property at 1459 Elijah Creek Road, and that the Defendants willfully and maliciously harmed their property interest by conveying the property to a third party without satisfying the Plaintiffs' lien. They cite *State Street Bank & Trust Co. v. Heck's, Inc.*, 963 S.W.2d 626, Ky. (1998) in support of their position. There the court stated ". . . the general rule that an equitable lien attaches upon the advancement of the money and continues to exist for the duration of the debt." *Id.* at 631 (citing *Schram v. Burt*, 111 F.2d 557, 561 (6th Cir. 1940)). In *Schram*, the court held that

>   where one party advances money to another upon the faith of
>   a verbal agreement by the latter to secure its payment by a
>   mortgage upon certain lands and improvements, which is not
>   executed, or which, if executed, is so defective or informal
>   as to fall short of being a duly executed mortgage, equity
>   will impress upon such land and improvements a lien in favor
>   of the creditor who advances the money for the security in

6

>  satisfaction of his debt.  The lien attaches on the
>  advancement of the money and for the same length of time as
>  the debt. . .

*Id.* at 561.  In *Gossage v. Waddle*, 18 S.W.2d 975, Ky. (1929), a purchaser of real property at an auction sued to recover his ten per cent deposit when the sale could not be consummated.  The court held that the deposit "became a trust in the hands of the owner, to secure which the appellant had an equitable lien on the land."  *Id.* at 976.  Case law appears to support the Plaintiffs' position on the existence of a lien.

    The Plaintiffs' property interest having been established, it remains for the court to determine if the Defendants' actions in retaining the $200,000.00 and transferring the subject property to a third party constitute a willful and malicious injury to that property interest.  The court believes that the requirements of section 523(a)(6) have been satisfied here.  The Defendants have conceded in the joint stipulations before the court that the payment of the $200,000.00 constituted a lien on the subject property, Defendant Dennis Kennedy having initialed the lien notation on the check.  Under these circumstances Kentucky law imposes an equitable lien on the property.  The Defendants have further conceded that they retained the $200,000.00, represented to the third party, Elijah Creek Land Company, LLC, that the subject property was free and clear of liens except for one held by the Bank of Kentucky, and that they transferred the subject property, all of which was in derogation of the Plaintiffs' property interest.  These were intentional acts which meet the tests set out above.

    In consideration of all of the foregoing, it is the opinion of

this court that the Plaintiffs have carried forward their burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law that the debt owed to them by the Defendants is nondischargeable pursuant to Bankruptcy Code section 523(a)(6).  An order in conformity with this opinion will be entered separately.

Copies to:

B. Scott Jones, Esq.
L. Craig Kendrick, Esq.

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Thursday, November 20, 2008
(wsh)**